United States District Court
Southern District of Texas

**ENTERED**
July 26, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

PUSPA KUMARI CHAUDHARY § 
 §
VS. § CIVIL ACTION NO. 5:26-cv-532
 §
ORLANDO PEREZ[1] *et al.* §

## ORDER

Before the Court is Petitioner's Emergency Application for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 19). For the reasons below, the Court **GRANTS IN PART** Petitioner's Motion (Dkt. No. 19). Respondents, their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from removing Petitioner from the United States until **August 10, 2026**, unless extended pursuant to Federal Rule of Civil Procedure 65(b)(2), or until the Court rules on the preliminary injunction, whichever is earlier.

### I.    BACKGROUND

Petitioner, a Nepali citizen, initiated the instant habeas action asserting her continued detention was unlawful (Dkt. No. 1 at 24–25). She also claimed that her removal to an undisclosed third country would violate the INA and the Due Process Clause (Dkt. No. 1 at 25–26; *see* Dkt. No. 1-2 at 2, ¶ 11). On July 14, 2026, the Court granted her petition in part and ordered Respondents to release her (Dkt. No. 11).

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Todd Blanche is automatically substituted for Respondent Pamela Bondi in this case. The Clerk of Court is **DIRECTED** to substitute these parties on the docket sheet.

Mere hours before Respondents' deadline to release Petitioner, they moved to set aside the Court's Order asserting, for the first time, that her removal was imminent based on a removal flight to the Central African Republic ("CAR") scheduled for the last week of July (Dkt. No. 13). While the motion was pending, Petitioner advised that Respondents released her from custody that same day (Dkt. No. 14). The parties then advised the Court that Respondents were still evaluating whether they intended to remove Petitioner to the CAR. Still, they acknowledged the Court's Order requiring them to provide Petitioner and the Court notice of at least five days before any planned removal (Dkt. No. 15 at 2).

On July 23, 2026, Respondents, once again, advised the Court of their intent to remove Petitioner to the CAR on the same flight originally mentioned (Dkt. No. 16 at 1). However, emails between the parties show Respondents had informed Petitioner's counsel that they "no longer intend to remove [Petitioner] on the late July flight to the CAR" (Dkt. No. 19-3 at 2). Unclear of the status of her impending removal, Petitioner filed the instant motion (Dkt. No. 19). Over the weekend, Petitioner also filed an Emergency Notice, advising the Court that Respondents requested she attended an in-person meeting at 7:00 a.m. on July 27, 2026 (Dkt. No. 20). It is feasible Respondents intend to remove her at that time; thus, this motion is heard on an emergency basis.

## II.    LEGAL STANDARD

### A.  Relief from Judgment

A party requesting that a court reconsider a prior ruling may either move under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment, or under Rule 60(b) for relief from the judgment. *See Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338

F.3d 394, 400 (5th Cir. 2003). Rule 59(e) applies when a motion is filed within twenty-eight days of the reviewable order. *Dante v. Power Home Remodeling Grp. LLC*, No. 4:24-CV-3099, 2026 WL 1597482, at \*1 (S.D. Tex. May 18, 2026) (citation omitted), *report and recommendation adopted*, No. 4:24CV3099, 2026 WL 1591835 (S.D. Tex. June 3, 2026). "Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Berezowsky v. Rendon Ojeda*, 652 F. App'x 249, 251 (5th Cir. 2016) (citation modified) (quoting *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)).

## B. Temporary Restraining Order

"A TRO is 'simply a highly accelerated and temporary form of preliminary injunctive relief,' which requires that the party seeking such relief establish the same four elements for obtaining a preliminary injunction." *Greer's Ranch Cafe v. Guzman*, 540 F. Supp. 3d 638, 644–45 (N.D. Tex. 2021) (citing *Hassani v. Napolitano*, No. 3:09-cv-1201-D, 2009 WL 2044596, at \*1 (N.D. Tex. 2009)). "[A] movant must establish (1) a likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest." *Ladd v. Livingston*, 777 F.3d 286, 288 (5th Cir. 2015) (quoting *Trottie v. Livingston*, 766 F.3d 450, 451 (5th Cir. 2014)). The decision to grant a TRO falls within the district court's discretion. *Amador Molina v. Bullock*, No. CV 26-2357, 2026 WL 1984401, at \*1 (W.D. La. July 9, 2026) (citing *Moore v. Brown*, 868 F.3d 398, 402 (5th Cir. 2017)).

### III.  DISCUSSION

#### A.  Relief from Final Judgment

Petitioner urges the Court to reopen this action to address Count III under Rule 59(e) and 60(b) (Dkt. No. 19-2 at 21 n.4). As Petitioner moves ten days after the Court's entry of final judgment, Rule 59(e)'s standard applies. In the Court's Order granting the petition in part, it expressly declined to reach Petitioner's third-country removal claim, as it was speculative and Respondents had not identified a potential country for removal (Dkt. No. 11 at 9).

In the present motion, Petitioner alleges she was ignorant of Respondents' intent to remove her to the CAR until their motion (Dkt. Nos. 19-2 at 17; 13 at 4). Since Respondents did not previously indicate the CAR as a potential third country for Petitioner's removal, the Court finds such new evidence warrants exercising its "considerable discretion" to **VACATE** its final judgment (Dkt. No. 12) and **REOPEN** this action. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993).

#### B.  Jurisdiction

Federal courts must examine their basis for their subject matter jurisdiction *sua sponte. Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021) (citing *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004)). "At the same time, federal courts have jurisdiction to determine their jurisdiction." *Aklil Meshesha v. Mullin*, No. 5:26-CV-00967, 2026 WL 1999648, at *4 (S.D. Tex. June 18, 2026) (Kazen, J.) (citation omitted); *see also ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007).

Applicable here, Congress conferred exclusive jurisdiction to the executive branch to commence removal proceedings, adjudicate cases, and to execute removal orders. 8 U.S.C. § 1252(g). As several courts have noted, § 1252(g)'s bar applies to challenges to discretionary decisions to execute a removal order, while contests to the manner a removal order is executed are exempt. *Aklil Meshesha*, 2026 WL 1999648, at *4 (collecting cases). Here, Petitioner does not seek review of the IJ's Order granting her withholding of removal (Dkt. No. 19-2 at 22). Instead, she seeks due process review following the IJ's entry of her removal order (Dkt. No. 19-2 at 22). As the Court has found in a related context, Petitioner's challenge is not barred by § 1252(g). *Abunu v. Perez*, 5:25-cv-251, slip op. at 4 (S.D. Tex. Jan. 28, 2026) (Garcia Marmolejo, J.).

## C. TRO

At the outset, the Court determines Petitioner satisfied the requirements for an *ex parte* request. Rule 65(b)(1) permits a court to "issue a [TRO] without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Of course, Respondents *have* notice of this TRO motion—it is filed on the docket, and they have appeared in this action.

Regardless, Petitioner's counsel certified she contacted Respondents' counsel via email regarding the sought relief; however, Respondents' counsel failed to respond (Dkt. No. 19-4 at 2–3). Moreover, given the lack of specifics concerning Petitioner's purported scheduled flight to the CAR, Petitioner's counsel alleges any additional notice efforts

could introduce delay, which risks Petitioner's removal before the Court can intervene (Dkt. No. 19-4 at 2–3). Turning to the merits, Petitioner has adequately demonstrated that the relevant factors favor granting a TRO.

### 1. *Substantial Likelihood of Success on the Mertis*

Petitioner has demonstrated a substantial likelihood of success on her third-country removal due process claim (Dkt. No. 1 at 25–26). Petitioner's Count III shares similarities with other petitioner's claims asserted in this district where courts have found that removing an alien to a third country absent a meaningful opportunity to raise a fear-based claim violated due process. *Sagastizado v. Noem*, 802 F. Supp. 3d 992, 1016 (S.D. Tex. 2025); *Mbaba v. Perez*, No. 5:26-CV-00070, 2026 WL 917484, at *1 (S.D. Tex. Feb. 13, 2026); *Aklil Meshesha*, 2026 WL 1999648, at *4. The Court finds these cases persuasive in evaluating Petitioner's claim. The first factor weighs in favor of granting Petitioner's relief.

### 2. *Irreparable Harm*

Similarly, the irreparable harm factor weighs in Petitioner's favor. True, removal alone is insufficient to demonstrate irreparable harm. *Nken v. Holder*, 556 U.S. 418, 435 (2009). But Petitioner goes further. The Supreme Court has recognized that detainees' interest in basic due process protections, are "particularly weighty." *A. A. R. P. v. Trump*, 605 U.S. 91, 95 (2025) (analyzing notice afforded to aliens under the Alien Enemies Act). Additionally, other courts have recognized that "removal to a country in which an individual faces persecution constitutes irreparable harm." *Sagastizado*, 802 F. Supp. 3d at 1015 (citing *Nunez v. Boldin*, 537 F. Supp. 578, 587 (S.D. Tex. 1982)).

Here, Petitioner has expressed a fear of removal to the CAR absent an evidentiary hearing before an IJ (Dkt. No. 19-2 at 33–34). Specifically, she alleges removal to the CAR could place her under persecution, torture, or risk refoulement to Nepal (Dkt. No. 19-2 at 34). *Misirbekov v. Venegas*, 793 F. Supp. 3d 892, 895 (S.D. Tex. 2025) (finding irreparable harm under similar circumstances). Under the facts alleged here, the Court is persuaded that Petitioner has sufficiently demonstrated irreparable harm.

### 3. Balance of Equities and Public Interest

Finally, the remaining factors also favor Petitioner. Because the Government is the opposing party, the traditional third and fourth factors merge. *Nken*, 556 U.S. at 435. "Petitioner's interest in receiving constitutionally adequate procedures before being removed to a county where she may face persecution or torture, potentially through refoulment, outweighs any administrative burden imposed on Respondents by temporary injunctive relief." *Ali Alhassan, v. Perez*, No. 5:26-CV-00461, 2026 WL 1999869, at *5 (S.D. Tex. May 20, 2026) (citing *Nunez*, 537 F. Supp. at 587). As Petitioner points out, Respondents "cannot claim there is a public interest in the perpetuation of unlawful agency action" (Dkt. No. 19-2 at 38 (citing *State v. Biden*, 10 F.4th 538, 560 (5th Cir. 2021)); *see also Louisiana v. Biden*, 55 F.4th 1017, 1035 (5th Cir. 2022). The Court finds that all factors tip in Petitioner's favor for granting relief.

### D. Bond Requirement

Generally, a party seeking a temporary restraining order or preliminary injunction must provide security for their requested relief. Fed. R. Civ. P. 65(c). A district court is tasked with determining the security amount; however, the Fifth Circuit has held that district courts have discretion to 'require no security at all.'" *Kaepa, Inc. v.*

*Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citing *Corrigan Dispatch Company v. Casa Guzman*, 569 F.2d 300, 303 (5th Cir. 1978)). In its exercise of its discretion, the Court waives Rule 65's bond requirement for Petitioner.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's Emergency Application for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 19) is **GRANTED IN PART**. The Court **VACATES** the Final Judgment (Dkt. No. 12) in this matter.

Respondents, their officers, agents, servants, employees, attorneys, successors, assigns, and persons acting in concert or participation with them are hereby **ENJOINED** and **RESTRAINED** from removing Petitioner from the United States until **August 10, 2026**, unless extended pursuant to Federal Rule of Civil Procedure 65(b)(2), or until the Court rules on the preliminary injunction, whichever is earlier.

This Temporary Restraining Order shall **REMAIN IN EFFECT** until the Court issues a ruling on the motion for a preliminary injunction or until **August 10, 2026**, whichever is earlier.

Respondents are **ORDERED** to file a response to Petitioner's Application for a Preliminary Injunction by **July 31, 2026**. Petitioner may file a reply no later than **August 5, 2026**.

It is so **ORDERED**.

**SIGNED** July 26, 2026.

Marina Garcia Marmolejo
United States District Judge

8